Ruff ik, C. J.
 

 The cases of
 
 Bufferlow
 
 v
 
 Newson,
 
 1 Dev. 208, and
 
 Williams
 
 v
 
 Bennett,
 
 4 Ire. 122, establish, that a widow, continuing in possession, is estopped to deny the title derived under her husband’s deed. So that the question is, whether she was discharged from that estoppel by what passed between her and Ehringhaus. The Court is of opinion that she was not. It was argued that she was equally estopped, as between herself and each of the other parties, and, therefore, must be at liberty to rely on the better title. But that does not follow.' For, one may be equally estopped as to two adverse claimants, so as to be concluded, when sued by either: as if a tenant of A take a lease from B ; so, it would seem, it must be also upon the modem rule, which is called an estoppel, but is founded on the necessity of enforcing good faith on the part of one in possession under another’s title, and has been applied in favor of a person claiming under a Sheriff’s sale or deed of trust, against the debtor m execution, or the maker of the deed, and those subsequently claiming under him. If there be adverse claimants under different Sheriff’s sales or conveyances, good faith requires the party, and his heirs or widow, to stand indifferent between them, and not to defend the possession kept by them under an arrangement with either of the parties. Supposp, for example, that one pur
 
 *224
 
 chases under execution against A, and the other claims under a prior deed, that was fraudulent against creditors, certainly. in a suit by the latter against A, he could not protect his possession by alleging his own iraud, and that, in consequence thereof, the purchaser irom the Sheriff had the better title, and he had agreed to hold under him. That is a controversy, which, in, good faith, he ought to leave exclusively to those claimants. — Standing in the relation he bears to both of them, he ought not to make himself a party to it: because he cannot do so, without, in some degree, depriving one or the other oí the absolute right he has to claim the possession, as against him. it was, however, contended at the bar, that the case of
 
 Jordan
 
 v
 
 Marsh,
 
 9 Ired. 231, is to the contrary. But the case was
 
 not
 
 intended to impeach the genera! rule, and it was so stated by the Court. On the contrary, the circumstances there were very special, and authorised the exception then made. One of the purchasers at Sheriff's sale had recovered m ejectment, and no imputation of fraud therein was made: And he was on the eve of taking actual possession under a writ of
 
 haberi fa-cías,
 
 when the tenant took a lease from him. The Court was of opinion, that if the tenant had been actually put out of possession by the Sheriff, and had afterwards entered under a new lease, he might have defended such new possession, under the title of his landlord, against a subsequent ejectment by the other purchaser from the Sheriff; and, therefore, it was held, that he might take a lease from him, who had recovered in the ejectment, without an actual eviction oil a writ of possession — the Court saying, “for what end should he be requited to go through (he useless form of being put out of possession, merely to be at the trouble of going back again ’’ The decision proceeded on the manifest
 
 bona jides
 
 of the transaction, following ¡he determination of the question of title in the ejectment, by which
 
 *225
 
 means the writ of possession was but a formality. It was, therefore, a peculiar case, and is not applicable to the present; for this defendant as manifestly resorted to a contrivance for changing her relation to the lessors of the plaintiff, without any actual change of her possession. The trustees’ sale had just been made, and her own dower just assigned, and the conclusion is irresistible, that she went through the pretence of giving up the possession, without actually doing so, for the sake of defeating the purchaser from the trustee, by defending her old possession under color of Ehringhaus’ claim. It was surely erroneous to assume, that the transaction was
 
 bona
 
 fide, and tantamount to an actual departure from the premises, and then getting a new possession under a
 
 bona fide
 
 lease.
 

 Per Curiam. Judgment reversed, and
 
 venire de nave.